**In the United States District Court
for the District of Kansas**

---

**In re: CCA Recordings 2255 Litigation,**
                **Petitioners,**

**v.**

                                          **Case No. 19-cv-2491-JAR-JPO**

                                          **(This Document Relates to Case No. 15-cr-40018-DDC-2, USA v. Marryssa M. Middleton, and Case No. 19-cv-4013-JAR-JPO, Marryssa Middleton v. USA)**

**United States of America,**
                **Respondent.**

---

### NOTICE AND ORDER TO SHOW CAUSE

28 U.S.C. § 2255 entitles a federal prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[1] The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]  A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3] An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusion rather than statements of fact.[4]

---

[1] 28 U.S.C. § 2255(b).

[2] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[3] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[4] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) ("[t]he allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting

On February 26, 2019, petitioner Marryssa Middleton filed a *pro se* § 2255 motion alleging that the government violated her Sixth Amendment right to effective counsel when it allegedly obtained soundless video recordings of her meeting(s) with counsel while she was incarcerated at Corrections Corporation of America ("CCA").[5]  Pursuant to Standing Order 18-3, on April 30, 2019, the Court appointed David Guastello to represent Middleton in this matter.[6] As part of these consolidated proceedings, the parties submitted Joint Fact Sheets stating, *inter alia*, the number or dates of any videos that petitioners allege the government obtained after counsel had the opportunity to review the video recordings.[7]  The Fact Sheet submitted by Middleton indicates that no such video was identified.[8]  Middleton did not file a reply to the government's response seeking dismissal and/or denial of her § 2255 claim on grounds that included the lack of any video recording.[9]

Accordingly, the Court orders petitioner Marryssa Middleton to show cause in writing why her motion for relief pursuant to 28 U.S.C. § 2255 should not be dismissed for lack of a sufficient factual basis or evidence on which to proceed with her claim.  Petitioner shall file a response to this Order on or before **October 28, 2020**.  If no response is filed, the Court shall summarily dismiss this motion as lacking any factual basis that would warrant relief from her conviction or sentence.

**IT IS SO ORDERED.**

---

ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

[5] CCA has since been renamed CoreCivic.

[6] *See* 15-cr-40018-DDC-2, Doc. 268.

[7] Doc. 111; Doc. 127 at 4; Doc. 196.

[8] Doc. 196-1.

[9] Doc. 276 at 4–5.

Dated: September 28, 2020

    S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE